SAMUEL CALANDRO, PLAINTIFF, v. ELSA A. STIASNY MASHEY, DEFENDANT.

Argued January 19, 1927—Decided May 16, 1927.

**Negligence—Motor Vehicle Collision With Motorcycle Side Car —Plaintiff Occupying Side Car Obtained Judgment—On Rule to Show Cause the Verdict Appeared to Have Been Against the Clear Weight of Evidence, Since From the Circumstances the Defendant Could Hardly Have Been at Fault.**

On defendant's rule to show cause why plaintiff's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Mr. Justice TRENCHARD.

For the rule, *Robert Carey.*

Contra, *John B. Zabriskie.*

PER CURIAM.

This defendant's rule to show cause why plaintiff's verdict for $4,000 should not be set aside.

The case grew out of a collision between an automobile and a motorcycle, which occurred on Sunday, July 12th, 1925, on Boulevard East, in Hudson county. At the time of the collision the plaintiff was riding in a side car of the motorcycle and proceeding in a general westerly direction, and the defendant's automobile was being operated by an agent in the opposite direction. The accident occurred about ten o'clock at night.

Two questions were argued—*first,* that the verdict was contrary to the clear weight of the evidence; *secondly,* that the verdict was excessive.

We feel constrained to hold that the physical aspects of this collision, as made plain by the evidence, are such as to show that the accident could not have happened as the plaintiff says it happened, and to make it clear by the great weight of the evidence that there was no negligence on the part of the defendant's driver. At the point of the accident there was a sharp curve in the road which amounted almost to a right angle turn in the road, but being accomplished by means of this sharp curve. As pointed out, the plaintiff on his motorcycle was proceeding in a general westerly direction and the curve was to his right side of the highway. The defendant's car was proceeding generally in an easterly direction and the curve was to his left. The defendant's car was in a long line of automobiles following closely one after the other. This long line of cars, according to the weight of testimony, as we understand it, was proceeding on the right-hand side of this curve as defendant's car was making the curve. When plaintiff's motorcycle and defendant's car had about reached the centre of this curve, this collision occurred.

Now, it is significant that the photographs and other evidence demonstrate that it was the right-hand side of plaintiff's motorcycle which was injured in the collision, and it seems to be undisputed also that it was the right fender of defendant's automobile which was damaged by the impact. The

great weight of the evidence is to the effect that plaintiff's motorcycle cut out from the line of traffic on its side of the road and, miscalculating, got into and through the procession of cars on the other side, and this accounts for the fact that it was the right-hand side of the motorcycle that came in contact with the right front fender and wheel of defendant's automobile. It follows, we think, that the verdict is against the clear weight of the evidence.

The rule to show cause will be made absolute.